

**FILED**
SEP 30 2019
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# United States District Court
# Northern District of Illinois

**Plaintiff(s)**

ALGIS PETER ANKUS

V.

**Defendant(s)**

Northwestern Memorial Healthcare, Northwestern Memorial Hospital
Dean M. Harrison CEO

Case 1:19-cv-06488
Judge Joan H. Lefkow
Magistrate Judge Gabriel A. Fuentes

Date  September 30, 2019

## COMPLAINT

Courts Jurisdiction is based on Authority violations involving Constitutional or Federal Laws. These include violations of The Americans with Disabilities Act 42 USC 12101, Including those that descriminate in limiting or denying electronic access to Patients records as well as access to Physicians.

This Court also has Jurisdiction in cases where violations of HIPPA Privacy Rule Sec.45 C.F.R. 164.524 results in lack of compliance for denial of access and documentation, a critical aspect of the Privacy Rule.

The Court has Jurisdiction in instances of alleged contumaciously limiting medical data access, thereby prohibiting application of Due Process of Law, as provided by both the Fifth as well as the Fourteenth Amendments.

*Plaintiff presents the following Three Counts as evidence of these Violations*

**COUNT 1** Plaintiff is a Disabled Individual as protected by The Americans with Disabilities Act 42 USC 12101 et seq. Patient has been treated for many years at Northwestern Memorial Healthcare/Hospital for Orthopedic Spinal treatment as well as Surgery. Most recent a Cervical Spinal Revision Surgery. Plaintiff was 'enrolled' in a sponsored Medical Device Study, while pre-medicated and resting on a surgical gurney, just prior to entry into the Surgical Theater. Request being made by a Doctors representative, and compelled to sign a release, which in My position, he was unable read. This type of behaviour violated the right of proper disclosure of anyone, not only the affected individual.

Plaintiff suffered multiple Side Effects post surgery and after citing his complaints to Alexandra Ford of Northwestern Hospital's Patient Relations Department. Without the Due Diligence mandated by both the ADA as well as HIPPA, my complaint was ignored.

**EXHIBIT A** Plaintiff's Letter in response dated June 26,2018 to findings of conclusion without proper investigation into my request. Despite my request for further inspection, it was ignored..

**COUNT 2** Violations of HIPPA Privacy Rule Sec.45 C.F.R 164.524 denial of access and documentation, a Critical Apect of the Privacy Rule. On Tuesday, September 11, 2018 with Dr. Guidio Marra. At the intake desk while registering I was confronted by the Manager of that department, and requested that I sign a 'new' disclaimer form. Upon cursory review I noticed that it included permission for Study Participation... as I was experiencing severe proprioception difficulties post surgery, I elected to agree with all but the Study portion. The Manager appeared and after some discussion ,during which I expressed my desire to not allow further Study participation, I was firmly Denied my ability to conclude my appointment with Doctor Marra. This Denial was not based on any valid question ,neither reviewable nor unreviewable as stated in Sec 45 C.F.R. 164.524(a)(2),(3) thus was in clear violation Plaintiff's Rights to meet with his previously scheduled appointment,a HIPPA Privacy Rule Violation. Given the reticense exhibited by the Institution, I filed a Formal complaint of Quaty of Care with my Insurance Carrier, UnitedHealthcare on October 17,2018.

**EXHIBIT B** UNITEDHEALTHCARE response letter Case Number is: S-265906094 dated October 19,2018.

COUNT 3    Violations of both HIPPA Privacy Rule Denial of Access, as well as Violation of Fair Due Process.

On January 4,2019 the Medical Center issued new stipulations which were required to access an Individuals records as well as Physician contact and messaging on a Hospital sponsored site named MyChart. Without any forewarning ,the program demanded individual acceptance of unlisted conditions for access to individual Medical History and treatment. This was done surreptitiously, without being provided freely as it should have been by the institution. When I inquired as too the stipulations that were attached, I was met with benign neglect. I next was able to obtain after several inquires of the IT staff of the Institution a copy on January 4, 2019 of the blatantly discriminating, self serving stipulations that many signed without review nor knowledge.

Item 15 Dispute Resolution  most disturbing ,item 15 (b) 'Limitation on Time to Bring an Action"

"You agree that regardless of any statute or Law to the contrary, any claim or cause of action arising out of or related to the services brought by you must be Filed within One (1) Year after such claim or cause of action arose or such claim or cause of action will forever be barred"...

This Private Corporate Medical Institution's subterfuge in its presentation directly countermands the established United States Statute of Limitations of Two Years. Forced Arbitration is also exemplary..

Suffice it to State that I did not sign the MyChart due to these severely limiting stipulations,

By the surreptitious presentation, maliciously buried in lengthy disclosures, that most would not have noticed while arbitrarly surrendering their Rights. I have maintained my Legal Right to proper representation. Since I did not submit to these violations of Laws and Statutes, I was prevented  to this day from accessing my Medical records.

EXHIBIT C    NWM Limits of Liability (b) Limitation of time to bring an Action

EXHIBIT D    MyChart Copy "If you do not agree to these terms, including the mandatory arbitration provision and class action waiver set forth herein you may not access or use  the Services...

EXHIBIT E    Plaintiff's Message in Return presenting Violations of Patient Protection Laws

Plaintiff Prays that the Court given validly substantiated Violations of HIPPA and Due Process the Legaly Binding Correction that it deserves

Algis Peter Ankus RPH
P.O. Box 556
Beverly Shores, Indiana
46301

*[signature: Algis Peter Ankus]*

**EXHIBIT A**

# ALGIS PETER ANKUS
## Beverly Shores, Indiana 46301

Tuesday, June 26, 2018

Patient Relations Department
Northwestern Memorial Hospital
675 N. St. Clair St.
Chicago, Illinois 60611

Dear Mr. Bradley,

I am in receipt of your letter dated May 30, 2018, in which you state, "our investigation of this matter is concluded"..it is not concluded, in my opinion, for the following reasons.

A) " all requested actions have been taken" I differ from your characterization, since I was never given the answer to my question of exactly who ordered the right hand venipuncture, as well as who performed it, unsuccessfully… thus causing harm in the symptom of a lasting trigger finger.

B) "All appropriate actions have been taken response to your concerns"
Was my request for the reason for the unsuccessful venipuncture, despite two patent vessels, providing access in both arms, complied with ? No

EXHIBIT A

Therefore, I am requesting one more time;

Why was the venipuncture of my right hand necessary, despite my specifically requesting to the Anesthesiologist and Surgical Staff present in the pre-surgery suite, not to attempt this procedure.

By whose authority was the order given, and by whom was it performed.
I also will find it necessary to request a list of all attendees during my surgical procedure.

Should your Office deem not to comply with my requests, yet again…I will take the flippant comment by Ms.Ford, "if you aren't satisfied then get a Lawyer" to heart…

I most certainly can oblige your request, arbitration would serve everyone better, but I stand ready to take any action necessary.

Very truly Yours
Algis Peter Ankus

**EXHIBIT B**

**UnitedHealthcare**

CA124-0157, PO Box 6106, Cypress, CA 90630

The Case Number is : S-265906094

October 19, 2018

Algis Ankus
107 E. Clearwater Ave.
Beverly Shores, IN 46301

Member ID : 954030434-00

Dear Mr. Ankus

We received your grievance request on October 17, 2018. Thank you for sharing your concerns about the service you received from Northwester Memorial Hospital. We take your concerns very seriously.

**What happens next?**
- We sent your complaint to our Quality of Care Department.
- This group will review your concerns and follow up with your health care professional/facility, as appropriate.

The findings of the Quality of Care Department are confidential. To make sure that the doctors and nurses are free to talk about all aspects of your case, state and/or federal laws prevent the results of this review from being communicated back to you. But, please be assured that we are reviewing your concerns.

**Who else can you contact?**
You have a right to file a complaint (a written request for additional review) with the Quality Improvement Organization (QIO) for Indiana, Livanta. Quality Improvement Organizations are in each state to help make sure that people in that state get quality, effective, and appropriate care. Please send your complaint explaining why you think that you received the wrong care to:

Livanta
BFCC-QIO Program
10820 Guilford Rd, Ste 202
Annapolis Junction, MD 20701
Phone: 877-588-1123
Fax: 855-694-2929

Y0066_140519_120855 Approved 07162014
[MASCO 140519_120855]
AG501_Grievance_QOC_ResolutionClosure_v07162014Update.doc]

NGS_3327082

EXHIBIT C

whether within or outside of arbitration, or on behalf of any other individual or group of individuals.

b. **Limitation on Time to Bring an Action**

You agree that regardless of any statute or law to the contrary, any claim or cause of action arising out of or related to the Services brought by you must be filed within one (1) year after such claim or cause of action arose or such claim or cause of action will forever be barred.

c. **Agreement to Arbitrate Claims; Waiver of Jury Trial**

By agreeing to these Terms, both you and Northwestern Medicine are waiving the right to a jury trial on any disputes

# EXHIBIT E

Begin forwarded message:

From: Algis <aankus@aol.com>
Date: January 4, 2019 at 8:13:11 AM CST
To: NWM 'compliance' <compliance@nm.org>
Subject: YOU HAVE NO RIGHT TO LIMIT MY ACCESS TO MY MEDICAL RECORD BY FORCING ME...INITIALLY - BY SUBTERFUGE... IN NOT ALLOWING REVIEW OF YOUR ILLEGAL DEMANDS FOR ABSOLUTION BOTH FROM HIPPA REGULATIONS AS WELL AS DICTATING YOUR 'OWN' ILLEGAL 'TIME BAR'..CORRECT OR ENDOUR FEDERAL ACTION ....

"If you do not agree to these Terms, including the mandatory arbitration provision and class action waiver set forth herein, you may not access or use the Services."